IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-68,625-01






EX PARTE ROOSEVELT BARNES, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 17,789-A IN THE 411TH JUDICIAL DISTRICT COURT


FROM POLK COUNTY





 Per curiam. 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of
the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte Young, 418
S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of possession with intent to deliver
a controlled substance and sentenced to ninety-nine years' imprisonment. The Ninth Court of Appeals
affirmed his conviction. Barnes v. State, No. 09-05-00040-CR (Tex. App. - Beaumont, April 26, 2006,
pet. ref'd).

 Applicant contends, inter alia, that his trial counsel rendered ineffective assistance because counsel
refused to listen to Applicant's version of the facts, failed to perform an independent investigation, failed
to request forensic testing of evidence, failed to obtain an expert on voice analysis, failed to impeach the
State's witnesses, failed to object to an incomplete jury instruction regarding the testimony of a confidential
informant, and failed to investigate and challenge the enhancement allegations. 

 The trial court has entered findings of fact and conclusions of law, finding that trial counsel
thoroughly reviewed the case pursuant to the D.A.'s open file policy, and finding that counsel has tried
numerous felony cases in the trial court and has proved to be a competent and prepared attorney. 
However, neither the trial court's findings nor the habeas record provide specific responses to many of
Applicant's allegations of deficient performance. Applicant has alleged facts that, if true, might entitle him
to relief. Strickland v. Washington, 466 U.S. 608 (1984); Ex parte Lemke, 13 S.W.3d 791,795-96
(Tex. Crim. App. 2000). In these circumstances, additional facts are needed. As we held in Ex parte
Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1997), the trial court is the appropriate forum for
findings of fact. The trial court shall provide Applicant's trial counsel with the opportunity to respond to
Applicant's claim of ineffective assistance of counsel. The trial court may use any means set out in Tex.
Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal
recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to
represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether counsel performed any independent
investigation of the facts, and whether he consulted with Applicant to obtain his version of the facts. The
trial court shall make findings as to whether there existed a conflict between Applicant and counsel prior
to trial, and if so why the trial court denied Applicant's repeated requests to replace appointed counsel with
a different attorney. 

 The trial court shall make findings based on counsel's affidavit as to what theory of defense was
presented by trial counsel, and as to whether counsel presented evidence or testimony to support the
theory. The court trial court shall make findings as to whether there were any issues regarding the chain
of custody in this case, and if so, whether such issues were raised by the defense. The trial court shall make
findings as to whether there was a need for forensic testing and/or expert testimony, and if so, whether
counsel requested funds to obtain the services of an expert. If the jury was instructed regarding the need
for corroboration for the testimony of a confidential informant under Article 38.141 of the Texas Code of
Criminal Procedure, the trial court shall make findings as to whether the instruction was complete, and if
not, whether there was any objection to the instruction as given. The trial court shall make findings as to
whether the dates upon which Applicant's prior convictions became final were correctly alleged in the
indictment, and if not, whether any objection was made to those enhancement allegations. The trial court
shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to
the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The issues
shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting
the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and
interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with
the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. Any extensions of time shall be obtained from this Court. 



Filed: November 21, 2007

Do not publish